## MICHAEL VAN DYKE v. EDWARD and PARMENUS JACKSON.

A party, upon forming a copartnership with another, having *agreed to leave*, at the end of the term, *the place* where the business was carried on, cannot, upon retiring, claim an interest in the *good will* of the business; and, in an accounting with his partner, who continues at the same place, have an allowance for the value of such good will. *Per* WOODRUFF, J., at special term.

An action was brought by a retiring partner, charging the other with retaining the property of the firm, and appropriating it to his own use; and averring, that during the partnership, large sums of money were received and paid out, and that there was due to him, on account of the business done, and the appropriation of the property by the defendant, a sum specified. The defendant, in his answer, admitted that he retained the property, and avowed his readiness to account and settle in a manner agreeable to justice. Whereupon a reference was made to

Van Dyke v. Jackson.

state the accounts and ascertain the balance due to the plaintiff; upon which accounting the defendant was charged with the value of the property so retained by him. *Held*, on appeal from the judgment, that after such answer and trial, it was too late for the defendant to insist that he was not liable for such value, or that the plaintiff ought to have prayed for a sale of the property and a division of the proceeds.

This was an appeal from a judgment entered upon the report of referees. By an agreement between the parties, the plaintiff became a copartner with the defendants in a victualing saloon, which had been conducted by them. No capital was contributed by the plaintiff, but he was to pay the defendants interest on one half the capital already invested, *i. e.*, the value of the stock, fixtures, the value of the leases, the good will of the business, &c. The defendants were to do all repairs at their own expense, and at the end of the year the plaintiff was peaceably to give up possession of the premises to the defendants. The business continued after the end of the year, upon the same terms, till the plaintiff separated from the defendants. He then brought this suit in the form of an action at law, to recover one half of the value of furniture purchased during the term of the copartnership, and one half the value of the good will of the business.

The cause was referred, and the referee reported in favor of the plaintiff upon both branches of his claim. The amount awarded to him for the furniture, was fixed by deducting fifty per cent. from the cost, as it appeared stated upon the books of the firm. The defendants presented no evidence as to the worth of the furniture.

A motion was made at special term, before WOODRUFF, J., to set aside the report. The following is an extract from his opinion upon the right of the plaintiff to recover for the good will :

"I perceive no foundation, whatever, for any claim for the value of any good will, if there be any such thing as good will of the business disconnected with an actual interest in the place where it is carried on. The plaintiff agreed to carry on business with the defendants for one year, and then to leave it in their hands. His attention and services may have improved

the business; if they did so, that may have been the very motive which induced the defendants to enter upon the original agreement; at all events, they were in the possession of the business before he went there; they admitted him to a participation in its profits on condition, among other things, that he would peaceably leave the possession to them at the end of the year; so that without stopping to inquire whether there is any such thing as the good will of a business separate or detached from the place itself in which it is carried on, it is sufficient to say—

"1st. If it was attached to the *place*, he was by the agreement bound to leave it, and the defendants were not bound to pay him for doing so.

"2d. If it was not thus *attached* to the *place* of business, if it could be detached and used separate therefrom, (which to me at least is a novel suggestion,) the defendants have no more taken possession of it than the plaintiff. Both are carrying on the same business, and the defendants might as well ask the plaintiff to pay them for it, as joint property used by *him*, as he make the present claim upon them. The referees, therefore, erred in admitting any evidence of such value, and in making any allowance for such good will."

The report was confirmed, with the condition that the plaintiff deduct from his recovery $400, allowed for the good will. This condition was accepted, and judgment was entered for the value of the furniture as reported due to the plaintiff. From this judgment the defendants appealed.

*Garrit H. Striker, Jr.*, and *Edward Sandford*, for the defendants.

*Henry L. Clinton* and *J. M. Van Cott*, for the plaintiff.

By THE COURT. DALY, J.—The objection now taken, that the parties in respect to the furniture were tenants in common, and that no action will lie by the plaintiff to recover the value of his interest in it, unless it has been sold or otherwise converted by his copartners, was not raised in the case. The de-

fendants elected to go to trial upon the issue framed by the
pleadings, and it is now too late to avail themselves of any
such objection. The defendants objected, when the case was
submitted to the referees, that the plaintiff had established no
demand against them, but they put that objection upon the
ground that all accounts and all joint interests had been settled,
so far as the interests of the plaintiff were concerned.

It was alleged in the complaint, that there was a large
amount of furniture and fixtures on the 1st of April, 1848, be-
longing to the plaintiff and the defendants, sufficient to carry
on a business of from eighty to one hundred dollars a day.
That the movable fixtures and furniture were worth at least,
upon that day, seven hundred dollars. The answer denies that
there was an amount sufficient to do a business of from eighty to
one hundred dollars a day, and denies that the movables, fix-
tures and furniture in the place were worth seven hundred
dollars, &c. This is not a denial that there was furniture be-
longing to the parties left upon the premises that day, but it is
merely a denial of its amount and value. The defendants then
set up, that the movable fixtures and furniture upon the premises
that day were in so bad a condition from having been worn out
in the business, that they were removed from the premises, and
their places supplied by new. This is an admission that there
was furniture there upon that day, belonging to or that had been
used in the business. The words of the answer are, "the *principal*
part thereof, having been worn out, &c., were removed." That
the furniture and fixtures were in the condition alleged is de-
nied by the reply, and the only question, therefore, presented
in respect to the furniture, was in regard to its amount and
value. The amount and the estimated value of each item ap-
peared by the books of the concern; and the referees, in deter-
mining the value of the plaintiff's interest, determined it in
the only way in which they could do from the evidence before
them; and if they erred at all, it would seem, from the liberal
allowance they made, that they erred in the defendant's favor.
The defendants gave no evidence upon the subject of value,
and the referees could do nothing but take the estimates they

found in the books. If it was erroneous—*if* the value was less than was there stated—it is to be inferred that the defendants would have shown the fact.

The inventory taken of the stock, and the plaintiff's receipt for his half of it, on the sale to him of the saloon, affords no presumption that the plaintiff had been paid for his interest in the furniture, or that it had been allowed to the defendants as an equivalent for the furniture originally contributed by them. All that appears in the case is the averment uncontroverted by the pleadings, that there was furniture belonging to the firm retained by the defendants after the dissolution. As before suggested, they do not deny that there was furniture upon the premises belonging to them and the plaintiff, nor that they retained the whole of it, as alleged and set forth in the complaint. The legal conclusion is, that the plaintiff is entitled to one half interest in it, and if the defendants desired to overcome the presumption of its amount and value appearing upon their own books, they should have given some evidence of its actual amount and value.

I fully concur with Judge WOODRUFF, that in the position in which the parties have placed the case by their pleadings, the matter may be treated as an appropriation of the furniture by the defendants to their separate use, so as to entitle the plaintiff to claim to be paid one half its value.

Judgment affirmed.